IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MILLENTINE COATES, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 2021-63 |
| FORD MOTOR COMPANY and XYZ CORPORATION, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Before the Court is Ford Motor Company's motion to compel compliance with a subpoena *duces tecum* served on U.S. Customs and Border Protection ("CBP"). [ECF 289]. Ford seeks information concerning a purported arrest of plaintiff Millentine Coates sometime in the 1990s on charges of bribery and conspiracy. *Id*. at 1. Ford also seeks records of Coates' travel to and from the U.S. Virgin Islands from September 22, 2015, to the present. *Id*. at 5. Plaintiff opposes the motion and Ford filed a reply. [ECFs 299, 300]. CBP did not respond to the motion.

**I.      BACKGROUND**

Coates is suing Ford in this products liability lawsuit for injuries she allegedly received when the airbag in her Ford automobile inflated while she was driving on September 22, 2016. [ECF 1-1]. An article dated February 8, 1990, that appeared in a publication called "Sun-Sentinel," reported that Coates, her husband, and others were arrested in connection with a conspiracy to smuggle Chinese nationals into the United States through St. Thomas. [ECF 175-3]. In August 2022, during discovery in this case, Ford served a subpoena *duces tecum* on CBP seeking a wide range of documents concerning this arrest pertaining to Coates. *See* [ECF 121]

*Coates v. Ford Motor Company, et al.*
Civil No. 2021-63
Page 2

(notice of intent to serve subpoena on CBP).[1]  By letter dated August 22, 2022, CBP declined to comply with the subpoena, citing Ford's failure to comply with certain requirements for subpoenaing documents from CBP and other reasons.  [ECF 199-2].  In January 2023, Ford moved to compel compliance with the subpoena.  [ECFs 175, 199].  Both Coates and CBP opposed the motion.  [ECFs 196, 209, 236].  At an omnibus hearing on February 17, 2023, the parties addressed that motion, which the Court ultimately denied.[2]  [ECF 240].

On March 10, 2023, Ford issued another subpoena to CBP, seeking the following:

> (1) Copies of any arrest affidavits, charging documents, probable cause affidavits, and arrest reports related to any arrests, charges, or convictions pertaining to Millentine Coates [ ] including but not limited to the charges of bribery and conspiracy brought by U.S. Customs and Border Protection in the 1990s.
>
> (2) Copies of any witness statements and statements made by Millentine Coates related to any arrests, charges, or convictions pertaining to Millentine Coates [ ] including but not limited to the charges of bribery and conspiracy brought by U.S. Customs and Border Protection in the 1990s.
>
> (3) Copies of any documents indicating in which court any charges were brought against Millentine Coates [ ] as it relates to any arrests, charges, or convictions against this individual, including but not limited to the charges of bribery and conspiracy brought by U.S. Customs and Border Protection in the 1990s.
>
> (4) Copies of any and all records related to travel to and from the U.S. Virgin Islands pertaining to Millentine Coates [ ] from September 22, 2015 through present.

---

[1] Actual proof of service of this subpoena does not appear on the docket.  Attached to Ford's first motion to compel compliance with the subpoena on CBP is a copy of an August 19, 2022 letter from Ford's counsel to CBP's Office of Chief Counsel, enclosing a copy of the subpoena.  [ECF 175-1].

[2] One of CBP's reasons for denying the request was that the information about the arrest was available from the plaintiff herself.  *See* [ECF 175-2] at 2.  Ford argued, however, that although Coates testified at her deposition that "she was arrested and not convicted," she recalled no other details of the events, including the court in which any charges were brought.  [ECF 298-2] at 31 (Tr. of Feb. 17, 2023 hearing).  Despite this gap in memory, plaintiff reiterated at this hearing that she would not consent to allow CBP to supply the records.  *Id*. at 42–43.  Ford also deposed Coates' husband Everton Coates and he, too, had little memory for specifics about the matter.  [ECF 289-6] at 4–10.

*Coates v. Ford Motor Company, et al.*
Civil No. 2021-63
Page 3

[ECF 289-3] at 5.  Along with Ford's counsel's March 10, 2023 letter enclosing the subpoena was an affidavit of another Ford attorney stating "[t]he requested criminal documents are relevant to [this case] as it relates to the Plaintiff's character and credibility."  *Id*. at 7.  Counsel also averred that "[t]he requested travel documents are relevant to Plaintiff's claims of injury and damages."  *Id*.  Once again, CBP declined to produce documents, stating that (1) the information is available from other sources, (2) disclosure would violate the Privacy Act, 5 U.S.C. § 522a, absent plaintiff's prior consent, (3) disclosure "would reveal investigatory records compiled for law enforcement purposes," (4) disclosure "would unduly interfere with the orderly conduct of CBP business," and (5) "CBP has no interest in [this case]."  [ECF 289-4] at 2–3.  The instant motion to compel compliance followed on May 8, 2023.  [ECF 289].

## II.     LEGAL STANDARDS

### A.  CBP's *Touhy* Regulations

CBP has promulgated regulations pursuant to 5 U.S.C. § 310 and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).  *See* 19 C.F.R. Part 103, Subpart B.  Section 103.22 provides for a general prohibition against disclosure in matters where CBP is not a party and permits a CBP employee to provide materials from CBP's files only with the advance written authorization of the Chief Counsel.  19 C.F.R. § 103.22(a).  Subsection (c) places a burden on the requesting party to serve certain documentation on CBP, including "a summary of the documents or testimony sought and its relevance to the proceeding."  19 C.F.R. § 103.22(c).  Disclosure may be authorized if the Chief Counsel determines production appropriate under 19 C.F.R. § 103.23(a) and none of the factors in 19 C.F.R. § 103.22(b) exist with respect to the materials sought.  19 C.F.R. § 103.22(f).

*Coates v. Ford Motor Company, et al.*
Civil No. 2021-63
Page 4

In determining whether disclosure would be appropriate, the Chief Counsel is to consider, among other things, any relevant substantive privilege law, the governing procedural rules for the matter in which the material is sought, and whether the requesting party has shown (1) relevance and materiality to the proceeding, (2) genuine necessity, (3) unavailability from other sources, and (4) particularity with respect to the request. 19 C.F.R. § 103.23(a). Disclosure will not be made where it would violate any treaty, statute, or other law or regulation, it would reveal classified or confidential material, it would "reveal investigatory records compiled for law enforcement purposes, interfere with enforcement proceedings, or disclose investigative techniques and procedures," it would "unduly interfere with the orderly conduct of CBP business," or where "CBP has no interest, records, or other official information regarding the matter in which disclosure is sought." 19 C.F.R. § 103.23(b).

**B. Standard of Review**

The Third Circuit has not definitively stated what standard a court should apply when reviewing an agency's declination to comply with a subpoena, and there is a split of authority from other jurisdictions. *See Harris v. McDonald*, 2022 WL 3599394, at *2 (M.D. Pa. Aug. 23, 2022) (discussing the circuit split concerning the two approaches); *see also Franchitti on behalf of United States v. Cognizant Tech. Sols. Corp.*, 2023 WL 2759075, at *4–5 (D.N.J. Mar. 31, 2023) (same). Courts may either review the refusal to comply under an "arbitrary, capricious, abuse of discretion" standard as articulated in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), (C), or under a less deferential analysis under Federal Rule of Civil Procedure 45, which balances the interests for and against disclosure. *Harris*, 2022 WL 3599394, at *2.[3]

---

[3] Neither Ford nor the plaintiff offered much guidance to the Court as to the standard of review that should be applied to CBP's refusal to comply with the subpoena.

*Coates v. Ford Motor Company, et al.*
Civil No. 2021-63
Page 5

If the APA approach is used, great deference is given to the agency's determination. *Id*. at *3 ("Because an agency's refusal to comply with a subpoena is essentially a policy decision about the best use of the agency's resources, courts defer to the agency's judgment, recognizing . . . that federal judges—who have no constituency—have a duty to respect legitimate policy choices made by those who do." (internal quotations and citation omitted)); *see also Franchitti*, 2023 WL 2759075, at *4 ("The party challenging an agency action bears the burden of establishing that the decision is not rational but is arbitrary and capricious."). If the Court employs a Rule 45 analysis, the Court must "apply the balancing standards—relevance, need, confidentiality, and harm. And even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." *Harris*, 2022 WL 3599394, at *4 (quoting *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002)).

With respect to discovery generally,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Decisions regarding the permissible scope of discovery are committed to the Court's discretion. "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). For example, "[d]iscovery is not permitted when a request is made in bad faith, is unduly burdensome, irrelevant to the general subject matter

*Coates v. Ford Motor Company, et al.*
Civil No. 2021-63
Page 6

of the action, or relating to confidential or privileged information." *Harris*, 2022 WL 3599394 at *1, *4 ("valid claims of relevance, privilege, and proportionality cabin and restrict the court's discretion in ruling on discovery issues"). Matters related specifically to compliance with subpoenas similarly lie within the discretion of the Court. *R.J. Reynolds Tobacco v. Philip Morris Inc.*, 29 F. App'x 880, 881 (3d Cir. 2002).

### III. DISCUSSION

Ford contends it has resolved the problems that accompanied its first attempt to obtain CBP records in that it served CBP with the appropriate documents, and narrowed the scope of its request. [ECF 289] at 2. Ford argues that the information sought "may be admissible as impeachment evidence probative of Plaintiff's character for truthfulness" under Federal Rule of Evidence 608, but that "without discovery into the criminal investigative records [of CBP], Ford is unable to ascertain whether this evidence will, in fact, be admissible."[4] *Id.* at 4. Ford further claims that if a conviction resulted from the arrest, Federal Rule of Evidence 609 may apply. *Id.* at 5. Finally, Ford states that Coates' travel records from a year prior to her accident to the present relate to her damages. *Id.*; *see also* [ECF 289-3] at 7 (Nolander, Esq. Aff.) ("The requested travel documents are relevant to Plaintiff's claims of injury and damages.").

Coates argues that Ford's new subpoena is just as over-broad as its original request, and that its efforts constitute a "fishing expedition." [ECF 299] at 3. Plaintiff contends further that the information would not be admissible under evidence rules 609 or 608 due to its age, and because there has been no showing that the information would bear on plaintiff's character for truthfulness. *Id.* at 4, 7–8. Finally, Coates argues 19 C.F.R. § 103.23 forecloses disclosure of

---

[4] Ford previously argued that "[t]his case hundred percent absolutely hinges on the credibility of this plaintiff." [ECF 298-2] at 40 (Tr. of Feb. 17, 2023 hearing).

*Coates v. Ford Motor Company, et al.*
Civil No. 2021-63
Page 7

the records Ford seeks because Ford has failed to show how the records are relevant and material to this action. *Id*. at 5–6.

The Court first considers whether, under the APA approach, CBP's determination not to comply with Ford's request was arbitrary, capricious, or an abuse of discretion. After a careful review of the request, CBP's response, and the record herein, the Court does not find that CBP's position is arbitrary, capricious, or an abuse of discretion. CBP reviewed the documents submitted and appropriately applied its regulations, particularly 19 C.F.R. § 103.23. CPB noted that plaintiff is the best source from which to obtain the information and that, without her consent, CBP may not produce it. Further, CBP maintained that disclosure would "reveal investigatory records compiled for law enforcement purposes." [ECF 289-4] at 2. While Ford insists it narrowed the scope of its request from its earlier effort to obtain the records, [ECF 300] at 4, it is apparent that Ford still seeks documents beyond those necessary to identify the court in which any proceeding might have taken place, or which are statements of Coates herself. *See* [ECF 289-3] at 5 ("Copies of any arrest affidavits, charging documents, probable cause affidavits, and arrest reports related to any arrests, charges, or convictions"; "Copies of any witness statements"). Moreover, CBP is entitled to conclude with respect to all requests that searching for and disclosing documents pertaining to events that may go back over 30 years "would unduly interfere with the orderly conduct of CBP business," especially where "CBP has no interest in the [ ] matter." [ECF 289-4] at 3. Thus, under the APA approach, the Court finds that compelling compliance with the subpoena is not warranted.

The analysis under the Federal Rules of Civil Procedure fares no better. While it is true that ultimate admissibility should not be the sole focus at this stage, the Court still must balance competing interests, and apply the standards in Rule 26(b).

*Coates v. Ford Motor Company, et al.*
Civil No. 2021-63
Page 8

With respect to relevance, Ford argues the arrest records are potentially relevant as "impeachment evidence probative of Plaintiff's character for truthfulness," and the travel records are relevant to her "claims of injury or damages." [ECF 289] at 4; [ECF 289-3] at 7. Beyond these generalities, Ford offers little to support a conclusion that the information sought may make facts in issue "more or less probable" than they would be without the evidence. *See* Fed. R Evid. 401. Records of a 33-year-old arrest—even if one were to accept Ford's contention that "a charge of conspiracy associated with a scheme to defraud the United States government by smuggling immigrants into the country illegally is probative of character for truthfulness" [ECF 300] at 5— are simply too far removed in time from this accident and this litigation to be of assistance in resolving the dispute. And Ford does not elaborate at all as to how "travel records" would relate to Coates' injuries or damages.

As to whether the records sought are proportional to the needs of the case, Fords expends little effort on this factor. Ford already has the plaintiff's—and her husband's—testimony that she was arrested. Ford can use plaintiff's admission for impeachment purposes. And even if Ford could convince the Court at trial that evidence of the arrest would overcome an evidence Rule 403 objection, which is far from certain, Ford could not go further and use extrinsic evidence even if she denied the arrest. *See* Fed. R. Evid 608(b). Thus, Ford has not shown a need for CBP's files in the face of its objection. Similarly, a review of the docket shows that Ford has subpoenaed Coates' travel records from a number of sources. *E.g.* [ECFs 123, 127–29, 132, 135]. Ford makes no showing that these efforts were so unavailing as to make production by CBP necessary.

The Court also is concerned about compelling production of records from more than 30 years ago, when digitization of records was not the norm. The burdensomeness of requiring CBP to search such old records for responsive documents likely far outweighs the marginal utility of

*Coates v. Ford Motor Company, et al.*
Civil No. 2021-63
Page 9

such records. And, as previously noted by CBP, Coates has a statutory privacy interest in CBP's records.

In sum, balancing the various interests under a Rule 45 approach also counsels the Court to decline to enforce the CBP subpoena. The competing interests here weigh heavily against an order to compel and the Court will exercise its discretion and deny Ford's motion.

## IV. CONCLUSION

Accordingly, the premises considered, it is ORDERED that the motion to compel CBP to comply with Ford's subpoena [ECF 289] is DENIED.

**Dated:** August 8, 2023                                S_____
                                                         **RUTH MILLER**
                                                         United States Magistrate Judge